OPINION
This appeal is taken by Plaintiff-appellant, Christi Thomas, from the judgment of the Court of Common Pleas of Shelby County ordering that there be an immediate division of the marital assets including retirement benefits of the parties to an action for divorce.
Christi Thomas, Appellant, and J. Scott Thomas, appellee were married in Shelby County on October 10, 1986. Christi filed a complaint for divorce on September 15, 1997, in the Court of Common Pleas of Shelby County. On July 13, 1998, after the parties filed a joint pre-trial statement, a hearing was held before a Magistrate. The decision of the Magistrate was filed on August 11, 1998. On November 9, 1998 Christi filed objections to the Magistrate's decision challenging the immediate division of marital assets, specifically the failure to divide but defer distribution of the vested but unmatured retirement benefits. On December 30, 1998 the Court filed its decision specifically finding that an immediate division of marital assets would be the most appropriate distribution between the parties, in effect, overruling Christi's objections. The Court entered judgment implementing the Magistrate's findings on March 15, 1999. On appeal from that entry appellant makes the following assignments of error:
 1. The court erred by inequitably dividing the retirement benefits of the parties and, specifically, by not recognizing and distributing the vested but unmatured pension benefits.
 2. The court erred by failing to either issue a deferred distribution order concerning the Ohio Public Employees Retirement System or reserving jurisdiction over the pensions of both the Appellant, Christi L. Scott, and the Appellee, J. Thomas Scott.
We consider Appellant's assignments of error together for convenience and clarity. Appellant essentially claims that the trial judge made an inequitable distribution of the marital assets, specifically the retirement benefits, and erred further by failing to defer their distribution. O.R.C. 3105.171 governs the division of marital property in domestic relations cases. O.R.C.3105.171(C)(1) states:
 Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable
The trial court is given broad discretion to determine what is an equitable division based on the facts of each particular case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. A reviewing court cannot interfere with the decision made by the trial court absent an abuse of discretion. Abuse of discretion implies that the decision by the trial court was not simply an error but instead was arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
Retirement benefits or pension plans may be marital property subject to equitable division by the court upon divorce. O.R.C.3105.171(A)(3)(a)(ii). The Supreme Court in Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 559 N.E.2d 1292, set forth guidelines for trial courts to follow when exercising their discretion in division of marital assets when those assets are pension plans or retirement benefits. Under Hoyt there are several factors that must be considered: 1) the circumstances of the case; 2)The status of the parties; 3) the nature, terms and conditions of the pension or retirement plan; 4) the reasonableness of the result; 5) preserving the retirement asset or pension in order that each party can procure the most benefit; and 6) will the result disentangle the parties so as to bring finality and conclusion to their marriage. Id at 179.
The Court further explained that when dealing with vested but unmatured retirement benefits that the court may choose to defer their distribution or maintain jurisdiction until the benefits mature. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 182,559 N.E.2d 1292. However, the trial court "when circumstances permit, should strive to resolve the issues between the parties so as to disassociate the parties from one another or at least minimize their economic partnership." Id at 182.
Christi challenges the decision of the trial court to immediately distribute the retirement benefits using a present value theory to ascertain their worth. She claims that the trial court should have used the `horizon approach' as suggested by her expert witness and deferred distribution of the benefits until they were mature in order to maximize the value to both parties. The magistrate and subsequently the trial court recognized that under the circumstances of the case both parties were employees of the City of Sidney and both had vested retirement pensions in the Public Employees Retirement System, "PERS". The court could not issue a qualified domestic relations order because the guidelines of the "PERS" do not allow such an order. As a result, the court had to make an equitable division of the pensions. Testimony offered by the plaintiff's expert gave the present values of the respective pensions had they been distributed as of the date of divorce and outlined the "horizon approach". Under the latter approach the Magistrate noted that continuing jurisdiction would be required and the events upon which it is dependent may not come to fruition. The trial court added that the division proposed by the "horizon approach" appeared to give the husband and wife assets not earned during the marriage. As a result, under the factors outlined by the Ohio Supreme Court in Hoyt the trial court found that an equitable division could only be achieved by using the present value of the pensions and immediately distributing those assets thus disentangling the parties and finalizing their marriage.
However, Christi, contends that the trial court should have deferred distribution and maintained continuing jurisdiction until the pensions were distributed because she simply cannot afford to make a $7,000 payment to her husband. The cases relied upon by Appellant that advocate the use of continuing jurisdiction involve parties whose only significant asset was the pension. However, Christi was awarded real estate with equity of $40,000, a vehicle and furniture worth $13,000 more than the similar items received by the appellee. As a result, there is ample means available to her to make the requisite distribution as ordered by the trial court. No abuse of discretion having been shown the judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
 WALTERS and SHAW, JJ., concur.